IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH Y. WOOD, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 20-215 |
| ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

### I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Paul Kovac, held a hearing on October 18, 2018. (ECF No. 9-2, pp. 48-76), On January 30, 2019, the ALJ found Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 22-30).

.      After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). The issues are now ripe for review.

II.     **LEGAL ANALYSIS**

    A.     **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Step Two**

Plaintiff first argument is that the ALJ erred in failing to consider her bilateral osteoarthritis of the knees at step 2 and when determining her residual functional capacity (RFC).[1]  (ECF No. 12, pp. 6-8).  At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.  20 C.F.R. §416.1420(a).  Importantly, the mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).  The question of severity relies not on the particular condition, but on the limitations stemming from that condition.  *Id.*  To be clear, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.  20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d).  If a claimant is

---

[1]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Typically, at step two when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5  (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).  Rather, the ALJ proceeded beyond step two.  In so doing, an ALJ makes an RFC determination taking into consideration all impairments, including any impairment that is not severe.  Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RFC.

In this case, Plaintiff is not arguing that the ALJ erred in failing to consider her osteoarthritis of her knees to be non-severe.  To be clear, Plaintiff is arguing that the ALJ failed to consider it at all such that this court is unable to make a proper review.  (ECF No. 12, p. 6). Plaintiff further argues that this error is not harmless because the ALJ failed to discuss whether this impairment gave rise to any functional limitations in developing the RFC such that it is not based on substantial evidence.  (ECF No. 12, p. 8).  After a review of the record, I agree.

Plaintiff's arthritis is mentioned in the record by the state agency doctor and in medical records, requiring injections with steroids. (ECF No. 9-3, p. 18; No. 9-8, p. 137;  No. 9-9, pp. 125-26; 129, 131, 132; No. 9-10, pp. 12, 29).  There is no doubt that the ALJ failed to mention Plaintiff's osteoarthritis at step 2.  (ECF No. 9-2, p. 25).   To be clear, I am not saying that Plaintiff's osteoarthrosis  is severe or will change the result in this case.  A mere diagnosis does not mean that the impairment is severe or that it results in functional limitations. That is a decision the ALJ must make in the first instance in accordance with the rules and regulations based on all of the evidence.

Moreover, in determining her RFC the ALJ only fleetingly mentions that Plaintiff claims she has "knee pain."  (ECF No. 9-2, p. 27).  He fails to discuss in any appreciable way Plaintiff's osteoarthritis, the need for injections, or the impact of the same on her functional capacity. (ECF No. 9-2, pp. 26-29).   I cannot determine if this evidence was ignored or simply not credited.  Therefore, I am unable to conduct a meaningful review to determine if the ALJ's decision is based on substantial evidence.[2]  Consequently, I find that remand is warranted.

An appropriate order shall follow.

---

[2] Plaintiff raises other arguments in her brief.  *See,* ECF 12, pp. 9-15.  Since I am remanding as set forth above, these issues will be reevaluated, *de novo,* as well.  Therefore, I need not consider the details of the arguments it at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH Y. WOOD, | ) |
|     Plaintiff, | ) |
| -vs- | )    Civil Action No. 20-215 |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) |
|     Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 23rd day of March, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 11) is granted and Defendant's Motion for Summary Judgment (ECF No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

6